IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILSON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0917-CV-W-ODS |
| ) | |
| THE CITY OF KANSAS CITY, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING MOTION TO DISMISS

Pending before the Court is Defendant City of Kansas City, Missouri's (the "City") Motion to Dismiss (Doc. # 8) pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, the City's Motion is GRANTED.

I. BACKGROUND

Plaintiff brings this action against the City of Kansas City, Missouri, three Kansas City Police Officers, and members of the Board of Police Commissioners.[1] Plaintiff's Amended Complaint alleges that on or about the evening of December 12, 2006, Plaintiff was questioned and detained by Defendant Kansas City Police Officers Troy Taff, Manuel Anchondo, and Lee Malek.

The Amended Complaint contains six counts. The first count alleges a deprivation of civil rights in violation of 42 U.S.C. § 1983 against all Defendants for the alleged use of excessive force. Count II alleges a deprivation of civil rights in violation

---

[1] Plaintiff's original Complaint (Doc. # 1) also named the Kansas City, Missouri Police Department as a defendant. The Police Department filed a Motion to Dismiss (Doc. # 12) because it is not an entity capable of being sued. Plaintiff then filed his Amended Complaint (Doc. # 13), which does not name the Police Department as a defendant.

of 42 U.S.C. § 1983 against all Defendants based on the Police Department's alleged official policy or custom of covering up the use of excessive force. Counts III alleges state law assault and battery against all Defendants; Count IV alleges state law negligent infliction of emotional distress against all Defendants; Count V alleges state law intentional infliction of emotional distress against all Defendants; and Count VI is a claim for punitive damages against all Defendants. The City contends that all counts against it must be dismissed.

## II. STANDARD

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

## III. DISCUSSION

*A. Federal Law Claims*

The City argues that Counts I and II, which both allege violations of 42 U.S.C. § 1983, must be dismissed as to the City because liability under § 1983 cannot be premised on vicarious liability. In Monell v. Department of Social Services of City of New York, the Supreme Court held that a municipality can be liable under § 1983 for the actions of its employees, but only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). Additionally, deprivations caused by governmental "custom" can subject a municipality to liability "even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 691. Thus, the Court held that a city cannot be liable under § 1983 "*solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. Id.

2

(emphasis in original).

The City argues that the Defendant Police Officers were not employed, controlled, or maintained by the City. Rather, the Kansas City Police Department is controlled and maintained solely by the Board of Police Commissioners as established by Chapter 84, RSMo. Section 84.420 RSMo., states:

> 1. The board of police commissioners shall have the duty and responsibility at all times of the day and night within the boundaries of these cities, and on other public property of these cities beyond the corporate limits thereof to:
>> (1) Preserve the public peace;
>>
>> (2) Prevent crime and arrest offenders;
>>
>> (3) Protect the rights of persons and property;
>>
>> (4) Guard the public health; . . .
>
> 2. The board shall determine the policy and in fulfillment of the duties and responsibilities herein provided and to this end shall:
>> (1) Adopt rules and regulations not inconsistent herewith governing the conduct of such police department;
>>
>> (2) Appoint a chief of police who shall be responsible to the board for the proper execution of the policies, duties, and responsibilities established for the administration of the police department;
>>
>> (3) Act as a board of review in personnel disciplinary cases as provided in section 84.430; . . .
>>
>> (10) Perform such other duties and exercise such other powers not inconsistent with the provisions of sections 84.350 to 84.860 as shall further the efficient and economical operation of the police department.

Section 84.460, RSMo., clearly states that the police force is subject to the exclusive control of the Board of Police Commissioners and section 84.860 specifically prohibits the City from hindering or obstructing the Board of Police Commissioners in their duty to maintain and control the police force. Accordingly, "the City possesses no power or authority over police department personnel. . . ." Hasenyager v. Board of Police Comm'rs, 606 S.W.2d 468, 472 (Mo. Ct. App. 1980). Even if the Defendant Police Officers are deemed dual agents of the City and the Board of Police Commissioners for purposes of vicarious liability, as was held in Hodges v. City of St. Louis, 217 S.W.3d 278 (Mo. 2007), the City did not have the power to institute a policy

3

or even a custom that could have caused the Defendant Police Officers' alleged actions. Thus, the City cannot be liable under § 1983 for the Officers' conduct or for the alleged custom of the Police Department in covering up such conduct. Accordingly, Counts I and II are dismissed.

### B. State Law Claims

The City contends that the Plaintiff's remaining state law claims also must be dismissed, arguing they are barred by sovereign immunity under section 537.600, RSMo. Sovereign immunity is a judicial doctrine that bars governmental liability for torts of its officers or agents unless such immunity is waived. State ex rel. Div. of Motor Carrier & R.R. Safety v. Russell, 91 S.W.3d 612, 615 (Mo. 2002) (en banc). Under section 537.600, RSMo., sovereign immunity is waived in two instances: (1) when injuries result from the negligent operation of a motor vehicle, or (2) when injuries are caused by a dangerous condition of a public entity's property. Id. Plaintiff does not allege that either one of these exceptions apply. Rather, Plaintiff suggests that further discovery may reveal that the City has purchased liability insurance or adopted a self-insurance plan for tort claims made against it, thereby waiving sovereign immunity up to the policy limits.

The City of Kansas City, Missouri's Municipal Ordinance Section 2-1685 does create a City legal expense fund for the purpose of paying various losses and liabilities incurred by the City. However, that ordinance specifically states that "no payments from the [legal expense] fund are to be made for claims or lawsuits in which the city has immunity under section 537.600 RSMo." Accordingly, the City has not waived its sovereign immunity for the state law claims alleged by Plaintiff. Counts III, IV, and V are therefore dismissed. Missouri law also specifically prohibits any claim for punitive damages against a public entity. § 537.610(3), RSMo. See also Chappell v. Springfield, 423 S.W.2d 810, 815 (Mo. 1968) ("municipalities are not liable for punitive damages when sued for a wrong committed by an employee"). Count VI is therefore dismissed.

4

## IV. CONCLUSION

For the foregoing reasons, Defendant City of Kansas City, Missouri's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, JUDGE
DATE: March 14, 2008                     UNITED STATES DISTRICT COURT

5